0735382 Somerset Village Townhouse Condominium Association v. Community Association Underwriters Each side will have 15 minutes on this case Good morning, your honors. Dan Hauser appearing on behalf of the Appellant Somerset Village Townhomes Condominium Owners Association The association is the assignee of Faramars Gadoozy The association sued Mr. Gadoozy for breaching his fiduciary duties as the initial officer and director of the association The complaint alleged specifically, first, that Mr. Gadoozy breached fiduciary duties by failing to identify and repair defects Second, that these breaches of fiduciary duty, quote, caused property damage And third, that as a result of these breaches, the association was entitled to damages for repair costs, for the costs of repairing the property damage Now, Mr. Gadoozy promptly asked CAU to defend him CAU refused to do so on the theory that a case called English Cove meant that the association could not own, or the association owned the common elements in the condominium Even though the case said the exact opposite, which I'll get to in a moment So, for 15 and a half months, there was no defense by CAU Finally, Mr. Gadoozy settled the claims and assigned his claims against CAU to the association Now, just shortly after that, Judge Martinez issued his ruling that CAU had improperly refused to defend on the basis of the owned property exclusion And Judge Martinez explained that CAU had completely misconstrued English Cove and the Washington Condominium Act Both of which clearly say only the unit owners own 100% of the condominium It's impossible for the association to own any part of a condominium Now, shortly after that, CAU tried to correct its error and asked Mr. Gadoozy to allow a defense But by that point, Mr. Gadoozy had in fact already agreed to a settlement in concept of the underlying case And so, what CAU was in effect asking for was asking Mr. Gadoozy to set aside the settlement, re-expose himself to personal liability And allow CAU to defend him, even though CAU was expressly reserving the right to refuse to indemnify him at the end of the day That would have made no sense for Mr. Gadoozy And furthermore, in the letter that CAU sent to Mr. Gadoozy after this initial ruling Are you abandoning the indemnity claim and just arguing bad faith at this point, or what are we doing? I'm not, Your Honor. It's just that if you find breach of the bad... If you find bad faith as a matter of law, there's no need to even reach the indemnity claim So, I'm addressing bad faith first Okay Because of the coverage by estoppel rule That initially on this record? The order of the briefing is indemnity first and then bad faith No, but I'm not asking you that. I'm asking you, could we... I mean, what you're saying makes some sense if we could do it ourselves on this record Absolutely, Your Honor Because of the coverage by estoppel rule in Washington, which admittedly is a very harsh, onerous rule If you find bad faith as a matter of law, the result is all indemnity defenses are waived And... So, bad faith and the refusal to defend, is that right? Exactly. Bad faith and the refusal to defend All right So, after the settlement was finalized, the association stepped into Mr. Gadoozy's shoes And filed two motions for summary judgment One on indemnity, one on bad faith refusal to defend And in support of those motions, we submitted declarations from Mr. Gadoozy And from our expert, as well as Mr. Gadoozy's interrogatory responses That's the only evidence Well, the bad faith refusal to defend depends somewhat on the indemnity issue In the sense that they gave a reason, which was, let's say, a bad, terrible reason But they also said something like, and there may be other reasons, right? And so, doesn't it matter whether they're in fact for other reasons? Not really Because, Your Honor, what they said in their initial letter was Well, we doubt that there's even an occurrence here But, we agree that your complaint could be construed to allege an occurrence of property damage However, if there was such an allegation of an occurrence, it's barred by the owned property exclusion That's what the initial letter says, that's in the record at ER 57E And then later, they specifically acknowledged that I'll give you the quote The claim included, quote, a sufficient allegation of property damage caused by an occurrence To trigger the duty to defend So, CAU has itself admitted that there was a duty to defend And that it didn't have any other reason, other than the owned property exclusion, to refuse to defend Does that automatically mean it's bad faith? It's not automatic, it's not automatic, Your Honor And, in fact, at the time when the case was filed, there was virtually no case law explaining what bad faith meant But, happily, since then, we've had the Supreme Court decision in Wu v. Fireman's Fund And I'd encourage Your Honors to take a look at that case That's the dentist? It's the dentist case, where he inserted the fake boar tusks into his assistant's mouth while under anesthesia The insurer refused to defend, based on a sexual assault case They said, well, a sexual assault under anesthesia is not dental services So, inserting boar tusks under anesthesia is not dental services  The jury instruction gave us those familiar terms Bad faith depends on whether it's unreasonable, frivolous, or unfounded But, for the first time, we have some context to tell us what that means Because the jury, in that case, found bad faith The Court of Appeals reversed, but the Supreme Court of Washington reinstated the bad faith verdict And explained that the insurer could not rely on an equivocal interpretation of case law That favored its own interests over those of its policyholder And it specifically rejected this idea that an insurer can refuse to defend Based on its own interpretation of case law Exactly what CAU did here Well, obviously, at some point, it has to be its own interpretation of case law I mean, is this sort of like a qualified immunity standard? I mean, i.e., was it reasonable, or what exactly is the standard? The standard is one of reasonableness, Your Honor And here, if you compare the Wu insurer's conduct to CAU's conduct It's clear that CAU's conduct was much worse First of all, the Wu insurer had a detailed coverage analysis from an attorney That said, it's okay for you to refuse to defend Here we've got absolutely nothing in the record from CAU to explain Why they thought they could rely on this owned property exclusion Second, the Wu insurer was relying on the coverage grant in its policy Which had language that said it only applies to dental services Here we have CAU denying coverage based on an exclusion Which CAU knows full well, under decades of Washington law An exclusion has to be strictly construed against the insurer And can't be extended beyond its plain and unequivocal meaning And third, in Wu, the insurer at least had an argument that made sense They said, here's a case that says a sexual assault under anesthesia is not dental services That's like the situation we have here With some kind of unauthorized practice under anesthesia That is not even close to what we have here Where CAU... I don't understand the chronology of this After Judge Martinez told them they were wrong about the ownership exclusion Then they did offer a defense Correct But by that time, the settlement had already been reached There had been a mediation and an agreement in concept to the settlement It was not finalized until after the offer of defense had been made But the agreement in concept had been reached at the mediation They were still disputing at this point indemnification, correct? Correct And that's in the record at ER 197 But your notion of this is that if the defense was denied in bad faith Then everything that happens after the defense is denied Gets taxed to the insurer, basically If the defense is denied in bad faith Then all other indemnified offenses are waived I agree with you Do we have to send it back for determination Whether the amount of the settlement was reasonable Or is that also binding? There would need to be a... Because they get to say that they settled for $918,000 But it was really only worth $300,000 Correct They would have an opportunity to at least argue That there was fraud or collusion in the settlement And if they could prove that, even with the finding of bad faith They would be able to avoid that You want to go back to indemnity a little bit? Yes, your honor So on indemnity I'd first like to make sure the court is aware That I sent in a letter citing the Weyerhaeuser case Which I should have cited earlier But for some reason it slipped my mind It clearly explains this confusion that we've had Between the occurrence and the legal liability The occurrence is just an accident It doesn't matter who caused it The who caused it and the legal liability standard Is a separate question The Weyerhaeuser case makes that crystal clear In this case, the legal liability arises from a fiduciary duty The legal theory is breach of fiduciary duty As a result of which, Mr. Geduzzi is liable for damages And those damages are because of repair costs Because of this property damage he allowed to occur But you seem very intent on not going straight at the causation In other words, one could also look at it as saying He didn't cause the construction defect But he caused the water damage by not investigating and repairing it But you're resisting that approach And you instead are trying to make it somewhat more complicated And I'm trying to understand why Maybe I'm making it too academic, your honor There's slightly different versions of the same issue I say the issue is whether his liability for damages Was because of property damage They say the issue is whether he caused property damage You don't have to agree with me That there's a difference between those two standards There is a difference between them For example, you could have vicarious liability You could have somebody who is liable because of the property damage But definitely did not cause the property damage And that's what I thought you were trying to say With this fiduciary duty thing That he had a responsibility to fix it Whether he caused it or not And somehow, therefore, it was almost a form of Like fiduciary, like vicarious liability I'm asking why do we need to go there? Do we need to go there? I don't think you do to decide the case Because the facts are clear That he came on the board in April 2001 The policy began in April 2001 The property damage began in May 2001 So he caused all the property damage That's the only evidence in the case Now, if there Strike that There's no evidence that any property damage had occurred before then If there was some evidence like that Then this academic issue would get more traction As to whether he could be liable for that property damage as well I would like to point the court to one other case That I did not cite in my brief It's called Cypress Amex Minerals 74P3294 A Colorado Supreme Court case That holds the same thing in essence as Weyerhaeuser It's a misrepresentation case Where the seller misrepresented the risk of a landslide After the sale, the landslide occurred The landslide was the occurrence The landslide was the cause Of the property damage But the seller was still liable For damages because of property damage But there are a bunch of cases That have been cited by your opponent That's why I think you're making it harder than you need to Because the misrepresentation cases in Washington Seem to be somewhat in the other direction When the misrepresentation is after the fact Exactly The misrepresentation cases cited by my opponent Bowen v. Allstate and the cases it relies upon All involved pre-existing damage Damage occurred and then later The policyholder lied about it And the holding was well By lying about it later You couldn't possibly have caused this pre-existing property damage And your liability is not because of this pre-existing property damage Your liability is for something like Misrepresenting the true value of the property So somebody is getting less value but not But not that you're But weren't some of those cases Where because they didn't know the condition of the property It then went downhill afterwards And maybe could have been fixed No In Bowen the seller specifically admitted That her misrepresentation did not cause The pre-existing property damage In State Farm v. Brewer Another case cited in Bowen The court specifically acknowledged The termite damage occurred prior to the alleged misrepresentation The Kessler case also specifically acknowledged The policyholder's alleged misrepresentations Did not cause the drainage and foundation problems Those problems existed before negotiations began Mr. Houser you're just about out of time If you want to reserve a little bit for the end Yes, thank you Thank you, Your Honor  I'm Joanne Henry Attorney for Community Association Underwriters Good morning I'd like to pick up on just a few points That Mr. Houser made before Going in to my prepared argument Regarding the bad faith issue Mr. Houser is recounting the chronology incorrectly When the case was first filed We went through the litigation on the owned property exclusion Which was always a legitimate Well-reasoned coverage dispute There were lots of arguments on both sides This was an exclusion That the condominium association insurers Feel very strongly about Regarding the insurers trying to evade First party coverage limitations However, once Judge Martinez disagreed with us Which was in October of 2006 CAU promptly went back Re-evaluated its position And found in frankly what we think was an excess of caution That we had to offer a defense at that point We did that within a week Of Judge Martinez's decision At that point, we requested Mr. Gaddusi And it was on the one director's count The whole case was in the process of mediation Or had been mediated But hadn't settled And we asked Mr. Gaddusi To not settle the case without notice to us Before our defense counsel could get on board Because we felt And defense counsel felt That the breach of fiduciary duty claim was very defensible That it was separable from the property damage claim That the damages there were minimal to non-existent Compared to the property damage claim The case was settled Between the time that we offered the defense And I think it was about six weeks later And the settlement We were given no advance notice of the settlement It simply proceeded ahead Then Mr. Gaddusi Through the assignee from the association Came in and said You're responsible for the entire settlement $900,000 Which was the entire cost to repair the construction defects The whole shebang What he was liable for as a developer So if he's right That your refusal to defend originally was The bad faith is a matter of law Then don't you get to raise everything you're talking about now On remand? Yes we would And the law in Washington is not simply reasonableness It's also allocation That if this went back And I hate to give you reasons to send it back Because I think it shouldn't But if it went back Our argument at the hearing to enforce the settlement Would be that zero of it What Judge Silverman is asking is Couldn't we decide the reasonableness question And if we decided that it wasn't reasonable Then most of what you're saying Would still be adjudicated in the district Oh I see where you're coming from No the case law is that The reasonableness determination is made in the tort case It's not made in the insurance case I don't mean that I mean the reasonableness of your position Oh I see I'm sorry I'm mixing up reasonableness We contend that on this record Judge Martinez was right to hold as a matter of law That we were not unreasonable This was, as I say, a legitimate Hard fought coverage dispute When the issue came up We issued the declination letter Which, by the way, I wrote So the distinction in Wu About not having legal counsel is not there And counsel was known at all Why isn't the thing to do To go ahead and defend it Under a reservation of rights Why isn't that the way you should handle this In many cases we do In this particular case We had three reasons to deny the coverage The first, which was never challenged Is that Mr. Geduce is not an insured Under the director's and officer's coverage The director's and officer's coverage Would have covered this claim Had he been an insured But he wasn't So that was the first one The second one was That there was not property damage Covered by an occurrence Caused by an occurrence The third one Which was the one that was litigated first Was the owned property exclusion What happened to the other two? One, the director's and officer's denial Was never challenged It was, you know I presume that Mr. Geduce Pardon me What do you mean it was never challenged? We told Mr. Geduce You were not insured Under the director's and officer's coverage And he said, okay So then why are we here? Well, the policy included Director's and officer's coverage For directors who were not affiliated with the developer So that's why he wasn't covered under that one It also contained The general liability property damage coverage Which we are talking about here I see, so that doesn't matter Right I mean, that was one reason why we denied coverage The second reason But why would that be a reason for denying coverage If he's covered on another theory? Well, we have to give all of our reasons for denying We can't But that's not a reason Because you agree that he's still covered in another guise Well, they're two different coverages And had he not been affiliated with the developer He would have been covered under the director's and officer's coverage And probably would have had coverage Because these kind of fiduciary duty claims Are exactly the sorts of things That are supposed to be covered by directors and officers So that was the first reason And it's not in the case The second reason was the one That Judge Martinez ruled in our favor on That it didn't fall within the property damage coverage Because of the lack of causation The third reason was the owned property exclusion And the reason that was litigated first Was because if we were right on that one We didn't have to get into What at that point looked like might have been The nuances of property damage When was it caused? How did it occur? As it turned out, Judge Martinez disagreed with us He found that we were wrong He found that we were mistaken He did not find that we were frivolous Unreasonable or unfounded He also gave us a great deal of credit For going back once we'd been told we were wrong Re-evaluating the position And offering the defense And we felt that we... By that time, they'd already worked out a settlement That's not in the record You just told us that Pardon me? You just told us that No, the settlement was The settlement occurred in December of 2006 We offered a defense promptly After Judge Martinez's decision in October of 2006 Was there mediation before that? The mediation took place in between The time we offered defense And the time they settled So they just settled it out from under us Isn't that the risk you run By not defending under a reservation of rights? That's the gamble you make At the time, frankly We felt that we were completely correct Under the own property exclusion Okay, but you turned out to be wrong And that's the risk you run That's why you defended under a reservation of rights Wrong is not bad faith Mistake is not bad faith Frivolous, unreasonable, unfounded is bad faith What about the indemnification? Yes, we're getting into that Okay The idea that there was no damage existing Prior to Mr. Gaddusi's misrepresentation Failure to disclose, failure to repair That's ridiculous Why does that matter? I don't know, that's what Mr. Hauser just argued I don't understand why it matters The question is, did he cause property damage? Did he cause some... Even if there were early property damage Did he cause property damage by... That point I would like to point out And we did brief this extensively That point was not argued by Mr. Gaddusi below In fact, we invited him to argue that point Saying, are you trying to say That the property damage already existed And by failing to repair it, it got worse And instead, we got the response that says No, no, no, we're not saying that What we're saying is He didn't have to have acted Didn't have to be his acts His acts didn't have to be an occurrence So that issue was not before the district court We also, we did argue before the district court And argued in this court That the law is against that claim too Why? The Bowen case and the cases that it relied on But those are cases in which, as I understand it The damage had occurred And the question was a misrepresentation case Right And here the problem is that by not acting When he had a duty to act, that's the allegation There may have been a little water damage before that There was a lot more afterwards Okay The basic damage to the condominium Is set forth in great detail in the association's complaint And the building was completed With all these defects in it in early 2001 Before Mr. Biduci formed the association Before he became a director Before the association Not Mr. Biduci, the association The damage came later, or a lot of it did The defects may have been there But the injury to the building was because As I understand it Mr. King, I think his argument, as I hear it And maybe you can respond to this Is sort of the blind eye situation You know, the water's kind of building up over here It's not looking apparently It's not doing anything So how does that fit into the indemnity? Okay In this situation What happened here, obviously, is that The condominium was constructed Complete with these myriad of construction defects Apparently it was a piece of garbage Mr. Biduci has testified that he knew While it was going up That these people were doing this He saw the defects in the flashing He saw the defects in the siding When he's getting in there in the spring With his conflict of interest His director's hat on And his seller's hat on Unit owners are complaining to him That their units are leaking He knows about this stuff You know, it's going on So this is the situation It's the same situation as in Bowen And the cases relied on there That the problem The damage to the property existed Excuse me Is the damage to the property The fact that you have a badly built flashing, for example Or is the damage that Because you have a badly built flashing Over the years Water comes in And there's dry rot I mean, having a badly built flashing by itself Is not going to hurt anybody What's going to hurt somebody Is the fact that you're therefore Not protecting against something else Which is going to damage Other parts of the building, no? Right What caused the property damage To this building And it's an appellant's brief What caused the property damage To this building Was the defective work By the contractors Building the building The building was leaking from day one The cause of the damage Was not because Mr. Iguoducy Didn't look for it The cause of the damage Was not because Mr. Iguoducy Didn't tell about it The cause of the damage Wasn't because he didn't repair it Right, why not? Because it was already there So what? But he didn't repair it It could have been repaired And he didn't repair it Okay The analysis of the Bowen cases Of the cases that it relied on Each of those situations There was existing property damage That was progressive It was a sewer line That was being invaded by free routes It was termite damage That was progressing It was a foundation problem That was leaking and settling In those three cases In each of those situations The seller didn't disclose The property damage That was a negligent misrepresentation He obviously also didn't repair it And in each of those cases When the court looked at the causation Between the legal liability Of the seller The failure to disclose And by implication Just a minute The seller sold it Right It was gone Right He wasn't on the scene With any obligation To keep it up Or to fix it This guy was Right Well in this situation The The damage already existed At the time You keep saying that And I don't understand your point Well Mr. Caduce's testimony Is that he knew When the building was under construction That the defects were there And that they were causing problems All that may be true But if I understand it They've alleged that he was negligent And that his negligence Allowed this property to get damaged Beyond whatever else damaged Why isn't that sufficient for coverage? Because The insured's legal liability In the case And that's the causal connection Is that the causal connection Has to be between The insured's legal liability Covered by the policy And the only legal liability That's covered by the policy Is Mr. Caduce's actions In performing his duties As a director Suppose he left a window open As director He's going through He leaves a window open And the thing floods with rain Is he covered? Yes Absolutely Because he caused it If he's out there Performing his duties As a director Trimming trees And he drops a branch On somebody's car He caused property damage When the window's open And he leaves Big rainstorm Floods building And so he didn't do anything Then it's not accidental Then it's not accidental We have the occurrence has Yeah, occurrence also has a meaning And it has to be caused by accident If he dropped that tree branch On somebody's car on purpose That's not an occurrence If he leaves a window open In a rainstorm That's not an accident He leaves the window open But it wouldn't have flooded I mean, this isn't quite the analogy Except for the fact that it had a defect In other words Suppose there was something wrong With the building And then he did something Which wouldn't have caused damage If there wasn't a defect But because there was a defect It did cause damage Okay, well he didn't do anything I didn't answer that I asked you a question Okay, well he didn't do anything To fit into that scenario I understand he didn't That's why it's a hypothetical question But what's the answer To that hypothetical question? If the policy The structure of the policy is That if the insured's legal liability Is because of I'm trying to get at the sense In which you're using the word cause Is it because he didn't do something Is it the inaction versus action problem? Or what is the problem? The problem is There has to be proximate cause Of property damage Which is defined as Physical damage to tangible property Okay So in this situation The allegation is You breached your fiduciary duty By failing to disclose these defects That's Boeing You breached your fiduciary duty By failing to provide adequate reserves For these defects That's Boeing When you have an ongoing obligation Which those people did not To do something That's the difference, isn't it? Those people were selling They were off the scene Their only thing that they did wrong Was not tell people something He is on the scene with obligations One of which is to fix problems Including ones that already existed No? Is that not true? The fact that the property damage Had already occurred Is the key on that analysis He did not cause it His own statement is I allowed it to occur That's not what this coverage is for This coverage is for The particular insurance acts Causing physical damage To tangible property Thank you very much, Ms. Henry You're here over time Mr. Hauser will give you a minute Would you please keep it to one minute? Very briefly on the factual issue Of timing of the mediation ER-197 is Mr. Harper's declaration The mediation occurred on October 13, 2006 CAU sent its letter Offering to defend on November 3, 2006 That's ER-81 There was a mediation Then there was the willingness to defend And then there was a finalized settlement Correct, but at the mediation Mr. Harper says they agreed in concept To the settlement And as often occurs It took a while to get the final papers drawn up It's not over until it's over, though Well, in any case, Your Honor Ms. Henry says there's some good explanation For her interpretation in English Code The case that says an association Can't own any part of a condominium They had an opportunity To put something in the record on it And there's nothing in the record to explain it The only attempt to explain it is ER-215 And it doesn't even mention The owned property exclusion When they're trying to explain Why they refused to defend One other point We did make the argument below That liability was because of property damage It's in the supplemental briefing That she submitted at page 34 Supplemental 34 And finally, Your Honors are right That the defects themselves Can't be property damage Because property damage is Defined as a physical injury To tangible property And if you look at the difference Between the DeWitt case And the Yakima Cement case It's clear that But even if it is damage What else matters? There can be more damage Or different damage It matters because they say They equate the defects With the property damage But they're two separate things The defects were one cause Of the property damage Mr. DeGiussi's breaches Of fiduciary duties Were another cause You had to have both Operating together In order to get the property damage Thank you very much, Mr. Houser Thank you, Ms. Henry The case are you to submit
judges: Silverman, McKeown, Berzon